http://www.va.gov/vetapp16/Files5/1641943.txt

Citation Nr: 1641943 
Decision Date: 10/31/16 Archive Date: 11/08/16

DOCKET NO. 08-21 095 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Roanoke, Virginia

THE ISSUES

1. Whether new and material evidence has been received to reopen a claim of entitlement to service connection for otitis media of the left ear.

2. Entitlement to service connection for bilateral foot and ankle disabilities.

3. Entitlement to an extraschedular rating for degenerative joint and disc disease of the lumbosacral spine (back disability), from March 26, 2014. 

4. Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU).

REPRESENTATION

Appellant represented by: Disabled American Veterans

ATTORNEY FOR THE BOARD

L. Zobrist, Counsel

INTRODUCTION

The appellant is a Veteran who served on active duty from April 1965 to April 1968 and August 1979 to August 1996. 

The matter of entitlement to an extraschedular rating for back disability is before the Board of Veterans' Appeals (Board) on remand from the Court of Appeals for Veterans Claims (Court). It originally came before the Board on appeal from a June 2007 rating decision by the Roanoke, Virginia, Department of Veterans Affairs (VA) Regional Office (RO) that continued a 10 percent schedular rating for back disability. An interim December 2009 rating decision granted an increased 20 percent schedular rating. The matter was previously before the Board in January 2012, when another Veterans Law Judge (VLJ) denied the claim for a schedular rating in excess of 20 percent. The Veteran appealed that decision to the Court, resulting in an August 2012 Joint Motion for Remand (JMR) by the parties. Specifically, the parties agreed that the Board failed to consider whether an extraschedular rating was warranted. An August 2012 Court Order remanded the matter for compliance with the instructions in the JMR.

In March 2013, the Board denied entitlement to an increased schedular rating for back disability and remanded the matter of an extraschedular rating for back disability for additional development. In a decision issued on March 25, 2014, another VLJ denied the claim for an extraschedular rating. The Veteran did not appeal that decision, and it became final. 

That portion of the March 2013 Board decision that was adverse to the Veteran (denial of an increased schedular rating for back disability) was appealed to the Court, resulting in a March 2014 JMR by the parties. A March 2014 Court Order remanded the matter for compliance with the instructions in the JMR. In July 2014, the matter was remanded by the Board for additional development. 

In March 2015, the Board issued a decision (by another VLJ) granting an increased 40 percent schedular rating for back disability. In that decision, the Board determined that referral for extraschedular consideration was not warranted. The Veteran appealed that decision to the Court. In a May 2016 Memorandum Decision, the Court affirmed the Board's March 2015 decision with respect to the schedular rating assigned for back disability; that issue is no longer in appellate status. The Court vacated and remanded that portion of the Board's March 2015 decision that declined to refer the matter for extraschedular consideration. Because the Veteran did not appeal the Board's prior March 25, 2014, decision, which denied entitlement to an extraschedular rating through that date, the matter is properly characterized, above, as entitlement to an extraschedular rating for back disability from March 26, 2014.

The matters of new and material evidence to reopen a claim of service connection for left ear otitis media, service connection for bilateral foot and ankle disabilities, and entitlement to TDIU were remanded by the Board in January 2012. In its July 2014 remand and March 2015 decision, the Board noted that no action had been taken on these matters, and they were referred to the RO for compliance with the Board's January 2012 remand directives. As no action has yet been taken, the Board is again assuming jurisdiction of these matters. 

These matters have now been reassigned to the undersigned.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

Left Ear Disability, Foot, and Ankle Disabilities; TDIU

As noted above, in January 2012, the Board remanded the matters of (1) new and material evidence to reopen a claim of service connection left ear disability; (2) service connection for foot and ankle disabilities; and (3) entitlement to TDIU for additional development. These matters were again referred to the AOJ in July 2014 and March 2015. No action has been taken on these matters.

A remand by the Board confers on the appellant, as a matter of law, the right to compliance with the remand orders. See Stegall v. West, 11 Vet. App. 268 (1998). 
The Board errs as a matter of law when it fails to ensure compliance with its prior remand orders. Therefore, these matters are again remanded to the AOJ for additional development consistent with the Board's January 2012 remand.

Extraschedular Back Rating

In its May 2016 Memorandum Decision, the Court determined that the Board provided inadequate reasons and bases for declining to refer the Veteran's back disability claim for extraschedular consideration. Specifically, the Court found that the Board did not discuss the Veteran's use of assistive devices, which are not contemplated in the rating schedule, for this disability. In addition, the Court directed the Board to consider the collective impact of the Veteran's service-connected disabilities on his service-connected back disability, in accordance with Johnson v. McDonald, 762 F.3d 1362 (Fed. Cir. 2014). 

Subsequent to the May 2016 Memorandum Decision, the Court issued a decision in Correia v. McDonald, 28 Vet. App. 158 (2016), that addressed the type of testing required on VA examination of joint disabilities under 38 C.F.R. § 4.59. Upon review of the record, the Board finds that remand is necessary for a new examination in light of the Court's decision in Correia. 

Additionally, as the Veteran appears to receiving ongoing treatment for his service-connected disabilities, and records of such treatment are clearly pertinent (and may be critical) evidence in a claim for an extraschedular rating under Johnson (and VA records are constructively of record), updated treatment records must be obtained.

Finally, pursuant to the Court's May 2016 Memorandum Decision, the matter of an extraschedular rating for back disability, from March 26, 2014, should be referred to the Director, Compensation Service, for consideration. 

Accordingly, the case is REMANDED for the following action:

1. The AOJ should conduct the additional development ordered in the Board's January 2012 remand with respect to claims of (1) new and material evidence to reopen a claim of service connection left ear disability; (2) service connection for foot and ankle disabilities; and (3) entitlement to TDIU.

2. The AOJ should secure for the record all records of VA evaluations and treatment the Veteran has received for all of his service-connected disabilities (that are not already associated with the claims file.) The AOJ should also ask him to provide releases for VA to obtain records of any pertinent private treatment. The AOJ should secure complete records from the providers identified. If any records sought are unavailable, the Veteran should be so notified. If he authorizes release of records, but the provider in question does not respond to AOJ's request, he should be advised that ultimately it is his responsibility to ensure that private records are received.

3. After the record is determined to be complete, the AOJ should then arrange for the Veteran to be examined by an orthopedist to determine the severity of his back disability. The entire record must be reviewed by the examiner in conjunction with the examination. Any indicated tests or studies must be completed, to specifically include testing for pain on both active and passive motion, and in weight-bearing and non-weight bearing. If the examiner is unable to conduct the required testing or concludes that the required testing is not necessary in this case, he or she should clearly explain why that is so.

The examiner should have available for review a copy of the criteria in 38 C.F.R. § 4.71a, General Rating Formula for Diseases and Injuries of the Spine (and the notes following) and § 4.59, and the findings reported should be sufficiently detailed to allow for application of all criteria therein. The examiner should note whether or not the findings are affected by such factors as pain, use, periods of exacerbation, etc., and opine regarding any additional degree of disability resulting from such factors. The examiner should comment on the nature and degree of functional impairment that is due to the disability, both with and without the use of assistive devices. The examiner is also asked to identify (based on the record) whether, when, and to what extent the symptoms and functional impairment have worsened during the period on appeal (if such is the case), which extends from March 26, 2014 to the present.

The examiner must explain the rationale for all opinions, citing to supporting factual data and medical literature, as appropriate.

4. Then, the AOJ should prepare a full statement as to the Veteran's service-connected disabilities and all other factors having a bearing on the issue and refer the claim for an extraschedular rating for back disability, from March 26, 2014, to the Director, Compensation Service, for consideration of an extraschedular rating.

5. Thereafter the AOJ should review the record and readjudicate the claim. If it remains denied, the AOJ should issue an appropriate supplemental statement of the case and afford the Veteran and his representative opportunity to respond. The case should then be returned to the Board.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
VICTORIA MOSHIASHWILI
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).